Circuit Court of Appeals, Third Circuit.
Jan. 17, 1939.

Rehearing Denied June 16, 1939.

James W. Morris, Asst. Atty. Gen., and Sewall Key, Norman D. Keller, Joseph M. Jones, and Harry Marselli, Sp. Assts. to Atty. Gen., for petitioner.

William A. Seifert, William Wallace Booth, and Fred T. Ikeler, all of Pittsburgh, Pa., for respondent.

Before BUFFINGTON and BIGGS,. Circuit Judges, and DICKINSON, District Judge.

DICKINSON, District Judge.

The Commissioner of Internal Revenue levied a tax for the year 1932, upon the respondent taxpayer, based upon income received during that year. The Commissioner on a deficiency assessment included in the taxpayer's taxable income what the taxpayer claimed to be the income of what is known to this record as an Insurance Trust. The taxpayer paid the assessed tax on March 15, 1933 and the deficiency assessment on September 5, 1934. He then appealed to the Board of Tax Appeals, complaining of an over assessment because of the inclusion of the Insurance Trust income in the taxpayer's taxable income and asked for a refund of the overpayment. This claim was filed April 19, 1935. The taxpayer had likewise included in his return of his 1933 income a deduction because of a loss suffered through the worthlessness of shares of stock in the Diamond National Bank. The Commissioner conceded the fact of the loss but refused the deduction because of his holding that the loss had been incurred in 1932 and hence could not be deducted from the 1933 income.

In the course of the Appeal to the Board above mentioned, the taxpayer became convinced that his claim to a deduction because of the Insurance Trust income was baseless and would not be as it was not allowed by the Board. He accordingly asked and was granted by the Board leave to amend his claim by substituting for the Insurance Trust income deduction a deduction for the Bank stock loss. This amendment was allowed September 28, 1936. The significance of this is that the original claim was filed April 19, 1935, within two years of the payment of the tax. The amended claim was not made until September 28, 1936, more than two years after the payment. If, however, the allowance of the amendment was proper, the Bank loss claim would relate back to the Insurance Trust claim and both would be within the two years. The principle is too well settled to require the citation of authorities to support it, that an amendment will not be allowed if it introduces a new cause of action which as an independent proceeding would be barred by a Statute of Limitations. The real question thus becomes, as formulated in the opinion of the Board, "what constitutes a cause of action in cases involving the determination of the income tax liability of taxpayers".

The Board has favored us with a closely reasoned opinion in the discussion of the subject to which nothing could be profitably added. The Board however did not have the benefit of the ruling of the Supreme Court in the cases of Andrews v. United States, Ct.Cl., 17 F.Supp. 980 and Garbutt Oil Co. v. United States, 9 Cir., 89 F.2d 749, since reported in United States v. Andrews, 302 U.S. 517, 58 S.Ct. 315, 82 L.Ed. 398 and United States v. Garbutt Oil Co., 302 U.S. 528, 529, 58 S.Ct. 320, 82 L.Ed. 405.

The review before us thus comes down to the question of whether these cases, or either of them, are decisive of the question ruled by the Board.

A distinction has been made, referred to in the opinion of the Board and stressed by Appellee, between claims made to the Commissioner and appeals to the Board. Neither of the cited cases was of the Board of Appeals type. They none the less seem decisive of the question before us. The amended Act, 26 U.S.C.A. § 322, forbids an order of refund unless there is a finding by the Board that "the tax was paid within two years before the filing of the claim or the filing of the petition". The cited cases rule that an untimely claim cannot be brought within the two year limitation by calling it an amendment of a claim filed in time unless the amendment was properly allowed and that it is not properly allowed if based "on a new and unrelated ground", which by itself alone would be barred by the Statute.

It has likewise been urged upon us that no timely objection was made to the amendment and that the petitioner is thus in the position by an untimely objection, of seeking to raise the question of an untimely claim. There is in consequence said to have been a waiver of the delay in presenting the claim finally made. The cited cases however deal with this very point. Compliance with procedural regulations may be waived but a statutory limitation may not be. There is that in the situation of this taxpayer which has appealing force but there must be compliance with the Statute.

The cited cases require us to hold that the Petition to review the order of the Board of Tax Appeals be allowed and the order be reversed.