## M. C. PARRISH & CO. v. COMMISSIONER OF INTERNAL REVENUE.

### No. 11171.

Circuit Court of Appeals, Fifth Circuit.

Feb. 14, 1945.

R. B. Cannon, of Fort Worth, Tex., for petitioner.

Harold C. Wilkenfeld, Sewall Key, and Helen R. Carloss, Sp. Assts. to the Atty. Gen., Samuel O. Clark, Jr., Asst. Atty. Gen., and J. P. Wenchel, Chief Counsel, Bureau of Internal Revenue, and Rollin H. Transue, Sp. Atty., Bureau of Internal Revenue, both of Washington, D. C., for respondent.

Before SIBLEY, HOLMES, and WALLER, Circuit Judges.

HOLMES, Circuit Judge.

The Tax Court sustained deficiencies assessed by the Commissioner with respect to petitioner's income and excess profits tax returns for the calendar years 1937, 1939, and 1940. The decisive question upon review is whether profits, realized by petitioner through the purchase of non-interest-bearing treasuring warrants of the State of Texas at a discount and holding them until paid, were exempt from gross income as interest on state obligations under Section 22(b) (4) of the Revenue Act of 1936.

During the depression years following 1930 the State of Texas, finding its cash resources limited, adopted the practice of issuing warrants for the purchase of services and supplies needed to operate its institutions. These warrants bore no interest and were payable on call. Some of those who sold to the state were unable or unwilling to wait until the warrants were paid to receive their compensation in cash, so it became the practice for such sellers to increase the price for the services or commodities sold by an amount sufficient to enable such sellers immediately to discount the warrants to purchasers thereof at a price equivalent to that which would have been charged for a cash sale. Petitioner was incorporated in Texas in 1935 to engage in the business of purchasing these warrants at a discount, and the income sought to be taxed was earned in that manner.

 Section 22(b) (4), supra, provides that there shall not be included in gross income interest received by the taxpayer upon obligations of a state.[1] This statute is to be strictly construed against the taxpayer;[2] its requirements are not met unless the state actually pays interest or a discount pursuant to the terms of an obligation incurred by the state in the exercise of its borrowing power.[3]

 The warrants were not issued by the state at a discount, and they made no provision for interest. The redemption value of each warrant was fixed at the exact contract price agreed upon for the goods and services purchased. Whether the warrants were called within one day, one year, or five years after their issuance, the redemption price was the same. The arrangement was strictly analogous to a sale on credit wherein the agreed price was slightly in excess of that charged for a cash transaction. Moreover, the warrants were issued by the state under its purchasing power, not its borrowing power. The taxpayers' profits from these transactions did not result from the payment of interest on state obligations within the contemplation of the taxing statutes.[4]

Affirmed.

---

[1] 26 U.S.C.A. Int.Rev.Code, § 22(b) (4).

[2] Helvering v. Stockholm, etc., Bank, 293 U.S. 84, 55 S.Ct. 50, 79 L.Ed. 211.

[3] United States Trust Co. of New York v. Anderson, 2 Cir., 65 F.2d 575, 89 A. L.R. 994, certiorari denied 290 U.S. 683, 54 S.Ct. 120, 78 L.Ed. 589; Holley v. United States, 6 Cir., 124 F.2d 909, certiorari denied, 316 U.S. 685, 62 S.Ct. 1276, 86 L.Ed. 1757.

[4] Daniel Bros. v. Commissioner of Internal Revenue, 5 Cir., 28 F.2d 761.