## C. L. CARVER, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 12393.   Promulgated January 29, 1948.

*Meyer A. Cook, Esq.*, for the petitioner.
*Howard M. Kohn, Esq.*, for the respondent.

172

OPINION.

Van Fossan, *Judge*: The difficulty in which petitioner finds himself and of which he complains is of his own making. He changed the method of keeping his books and accounts from the cash to the accrual method in 1925, but for 16 years thereafter continued to prepare and make his tax returns on the cash basis. He never asked permission of the Commissioner to change the method of reporting income to the accrual basis. He admits that the cash method of reporting did not conform to his books and that the Commissioner was within his rights in insisting on the accrual basis in making returns. He complains that the adjustments made by the Commissioner do not clearly reflect income. He concedes that the adjustments made by the Commissioner in 1941 would have been proper in the year he changed his method of keeping his accounts, but contends that now such adjustments work a hardship and result in a greater tax.

The facts were largely stipulated. One witness was called, a certified public accountant, whose testimony added few facts to the stipulation. Much of his testimony was given in answer to hypothetical questions. Some of the opinions expressed support respondent's position. Certain it is that they did not establish that respondent erred in making the adjustments complained of. In *William Hardy, Inc.* v. *Commissioner*, 82 Fed. (2d) 249, the court observed, "In deciding what method is necessary clearly to reflect a taxpayer's income, the commissioner is given a breadth of discretion which, though not unlimited, will be reviewed here only when abuse of it is clearly shown," citing *Brown* v. *Helvering*, 291 U. S. 193; *Lucas* v. *American Code Co.*, 280 U. S. 445. On the record before us it certainly can not be said that the proof clearly shows that respondent has abused his discretion.

The respondent held that, accurately to reflect petitioner's income, accounts receivable, work in process, and prepaid insurance should

be added to the net income reflected by the books. From the total so arrived at he deducts accounts payable, accrued taxes, accrued wages, accrued industrial insurance, accrued unemployment insurance, and accrued social security tax, giving a figure of corrected income in the amount of $83,211.18, or a net adjustment of $39,384.29. The correctness of the amounts of these adjustments is not disputed. The only question is the propriety in making such adjustments in 1941. This contention is answered by the holding of the Circuit Court of Appeals in *Hardy* v. *Commissioner*, *supra*, where it said: "That he [Commissioner] has in previous years accepted returns upon a basis other than that of the change he requires will not preclude insisting upon a method that will clearly reflect the income for the period being audited," citing *Niles Bement Pond Co.* v. *United States*, 281 U. S. 357; *Mt. Vernon Trust Co.* v. *Commissioner*, 75 Fed. (2d) 938.

We do not know, nor are we concerned with, why the respondent did not make a change in petitioner's method of reporting income in some previous year. It may have been due to error or oversight or lack of information. One assumption is as good as another. See *Niles Bement Pond Co.* v. *United States*, *supra*. We deem this immaterial. Section 41 of the Internal Revenue Code provides that the net income for income tax purposes shall be computed in accordance with the method of accounting regularly employed by the taxpayer in keeping his books, unless such method does not clearly reflect income, in which case such method as, in the opinion of the Commissioner, does clearly reflect income, shall be used. It was within the power of the petitioner to have effected the change in the method of reporting his income by requesting permission of the Commissioner so to do. This, petitioner knew. Why he did not do so is not shown by the record, nor is it material to the issue. The fact is respondent, in 1941, determined that the change from the cash to the accrual method of computing income should be employed. This was within his jurisdiction and authority. Petitioner does not contest the accuracy of the amounts of adjustments made. As above observed, the record does not establish that in so doing respondent acted without authority or erroneously. As stated in *Schuman Carriage Co., Ltd.*, 43 B. T. A. 880: "The failure of the petitioner to make its returns consistently upon the accrual basis may place it in an unfortunate position. But for this situation the petitioner is alone to blame."

We hold that petitioner, who had the burden of proof, has failed to demonstrate error in respondent's action. The errors complained of are not apparent on the mere recital of the computation. Allegations of error are not self-proving. On the facts we can not hold that respondent has acted erroneously.

*Decision will be entered for the respondent.*