Cornelius J. Dwyer v. Commissioner.
Dwyer v. Commissioner
Docket No. 27472.
United States Tax Court
1951 Tax Ct. Memo LEXIS 165; 10 T.C.M. (CCH) 620; T.C.M. (RIA) 51206; June 29, 1951
*165 Petitioner was in the hotel and tavern business and the purchase and sale of merchandise was an incomeproducing factor. Held, respondent did not err in requiring petitioner to change from a cash to an accrual basis of reporting income, but that opening as well as closing inventory should be taken into consideration in determining taxable income for the year. Victor G. Mount, Esq., for the petitioner. Oscar L. Tyree, Esq., for the respondent. RICE
Memorandum Findings of Fact and Opinion The respondent determined a deficiency in income tax for the year 1946 in the amount of $11,397.21. *166 The questions to be decided are whether respondent erred in changing petitioner from a cash to an accrual method of reporting income, and, if he was correct, whether consideration should be given to the opening inventory as of January 1, 1946, in computing income tax liability. Findings of Fact Petitioner is an individual who, since 1932, has been engaged in the operation of a hotel and restaurant business near Geneva, New York. His individual income tax return for 1946 was filed with the collector of internal revenue for the twenty-first district of New York. Prior to 1932, petitioner was in the wholesale liquor business at Lyons, New York. In 1932 petitioner established his present hotel and restaurant business known as the Belhurst Club, which business includes the retail sales of wines, liquors and beers. The purchase and sale of such merchandise has always been an income-producing factor in petitioner's business. Therefore, it is necessary that inventories be used in reporting income for Federal income tax purposes, and that an accrual method of accounting be used. Petitioner reported his income on a cash basis. However, inventories have been taken at the close of each *167 year and the records from 1942 on are available. Inventory as of January 1, 1946, was $19,082 and closing inventory for 1946 was $21,870. Petitioner has no accounts receivable or accounts payable to carry from one year to the next since all sales are for cash and all bills are paid shortly after incurred. The respondent, in computing petitioner's income on the accrual basis, did not take into consideration petitioner's opening inventory for the year. Opinion RICE, Judge: Section 22 (c) requires a taxpayer to use inventories whenever in the opinion of the Commissioner they are necessary to clearly determine the income of a taxpayer. Regulations 111, section [29.22] (c)-1 provides that inventories shall be used whenever the purchase or sale of merchandise is an income-producing factor. Under such circumstances the respondent was correct in requiring petitioner to use inventories in computing income. Section 41 of the Internal Revenue Code provides that the Commissioner may require a taxpayer to report income by use of a method which clearly reflects income wherever the method used by a taxpayer does not clearly do so. Regulations 111, section 29.41-2 *168 requires an accrual method to be employed whenever the use of inventories is necessary. Section 41 gives the Commissioner discretion to require such a change and will only be disturbed where an abuse of discretion has been shown. C. L. Carver, 10 T.C. 171, 173 (1948), affd., 173 Fed. (2d) 29 (C.A. 6, 1949). Since no abuse of discretion has been shown here, the respondent's determination that inventories, and hence an accrual method of reporting shall be used, is upheld. The next question is, therefore, whether some consideration should be given to the opening inventory in determining taxable income for 1946. The distinguishing factor in cases such as this has been held to be whether the books of the taxpayer correctly reflect the income. Commissioner v. Mnookin's Estate, 184 Fed. (2d) 89 (C.A. 8, 1950), affirming 12 T.C. 744 (1949); Robert G. Frame, 16 T.C. 600, promulgated March 8, 1951. If the books do clearly reflect the income, no change in the method of accounting is required but merely a change in the method of reporting income. Both petitioner and respondent characterized petitioner's method of keeping his *169 books as a cash method. However, under petitioner's method of doing business he has no accounts payable or receivable, and the only change necessary is the use of inventories. Petitioner has taken inventories for a number of years which were recorded and available. Since this is the only change respondent has required, we hold that petitioner's books do clearly reflect his income. Therefore, respondent erred in failing to take the opening inventory into consideration in computing petitioner's income for 1946. Decision will be entered under Rule 50.