DEAKMAN-WELLS COMPANY, INC., PETITIONER *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 36865.    Promulgated June 15, 1953.

*Edward E. Burke, C. P. A.,* for the petitioner.
*Francis X. Gallagher, Esq.,* for the respondent.

612

OPPER, *Judge:* Petitioner did not file its returns and compute its tax in accordance with the accounting method employed in keeping its books. These are circumstances authorizing respondent to require that correct returns be filed. *C. L. Carver*, 10 T. C. 171, affd. (C. A. 6) 173 F. 2d 29. As petitioner itself describes its action: "It kept its books on an accrual basis and it stated its income figures, including the amount of its gross income, in its tax return on an accrual basis. However, the taxpayer then proceeded, doing so by plain statement thereof on the face of the return, to convert the figures to a cash basis for the purpose of completing the return and computing the tax." Even if that statement be accepted as a correct description, we do not

consider that this constitutes that computation of *net income* "in accordance with the method of accounting regularly employed in keeping the books of such taxpayer," required by section 41, Internal Revenue Code. Furthermore, it is stipulated that "petitioner's net income should have been computed *and reported in its returns*" (emphasis added) in accordance with an accrual method of accounting, and that such a method "clearly reflected the net income of petitioner."

Even though the burden of proving facts showing failure to include in gross income at least 25 per cent thereof for purposes of the 5-year statute of limitations may be upon respondent, *C. A. Reis*, 1 T. C. 9, that burden has been discharged, if what the stipulated facts show constituted such omission. It is not sufficient that the necessary figures appear at some point in the return. They must be included in and taken up as gross income for a taxpayer to avoid the extended statute. *M. C. Parrish & Co.*, 3 T. C. 119, affd. (C. A. 5) 147 F. 2d 284; see *Emma B. Maloy*, 45 B. T. A. 1104; *American Foundation Co.*, 2 T. C. 502. Petitioner not only could have reported its "gross income" by first deducting the cost of goods sold, *Lela Sullenger*, 11 T. C. 1076, but the stipulated facts show that it actually did so. And "Section 275 (c) plainly means to base the 25 per cent * * * upon the return *as made* by the taxpayer and his computation of gross income therein." *W. F. Trimble & Sons Co.*, 1 T. C. 482, 488. Neither the fact that petitioner was engaged in the contracting business rather than some other type of manufacturing, nor that it denominated the resulting figure "gross profit" rather than gross income detracts from this statement. *Ray Edenfield*, 19 T. C. 13. It follows that upon the stipulated facts petitioner is shown to have omitted from its gross income an amount properly includible therein in excess of 25 per cent, and that accordingly the 5-year rather than the 3-year statute applied.

It is apparently conceded that the original deficiency notice mailed within the 5-year period was timely under section 276 (d), Internal Revenue Code. That it is effective for a limited purpose, *Edward G. Leuthesser*, 18 T. C. 1112, cannot alter this conclusion and in fact the deficiency so determined is now conceded by petitioner to have been correct. Upon the filing of the petition for redetermination of that deficiency the statute of limitations was suspended. Section 277, Internal Revenue Code. Respondent was forbidden to issue any further deficiency notice by section 272 (f), Internal Revenue Code. But he is specifically permitted to claim an increase in the deficiency by section 272 (e) and (f). The only limitation on the time within which this may be done is "at or before the hearing," and of compliance with that condition there can here be no question. See *Davison* v. *Commissioner*, (C. A. 2) 60 F. 2d 50, 52. That the amendment to the answer by which the claim was made occurred after the expiration of 5 years is hence no indication that it was untimely, nor that the juris-

diction expressly conferred by section 272 (e) was lacking.   See *Ticker Publishing Co.*, 46 B. T. A. 399.

The cases cited by petitioner dealing with claims for refund by taxpayers are distinguishable on the same grounds as those given in *Ticker Publishing Co., supra*, p. 415, for not following *Commissioner* v. *Rieck*, (C. A. 3) 104 F. 2d 294, certiorari denied 308 U. S. 602. We accordingly find no statutory bar to respondent's claim.

For the purpose of computing tax as to other years with respect to which the income figures have now been stipulated,

*Decision will be entered under Rule 50.*