MELVIN E. TUNNINGLEY, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 41354. Filed August 30, 1954.

*George R. Graves, Esq.*, for the petitioner.
*S. Jarvin Levison, Esq.*, for the respondent.

1110

1112

OPINION.

BLACK, *Judge:* Respondent does not contend, as he might, that petitioner was required to use an accrual method of accounting for the 1949 and 1950 income from his automobile business.[3]  Rather, he argues that petitioner in fact did keep his books according to an accrual method and must report his net income for those years "in accordance with the method of accounting regularly employed in keeping the books" (Sec. 41, I. R. C. 1939).[4]  *Diamond A Cattle Co.*, 21 T. C. 1.

---

[3] Internal Revenue Code of 1939.
SEC. 22. GROSS INCOME.
    *          *          *          *          *          *          *
(c) INVENTORIES.—Whenever in the opinion of the Commissioner the use of inventories is necessary in order clearly to determine the income of any taxpayer, inventories shall be taken by such taxpayer * * *
Treasury Regulations 111.
SEC. 29.22 (c)–1. NEED OF INVENTORIES.—In order to reflect the net income correctly, inventories at the beginning and end of each taxable year are necessary in every case in which the production, purchase, or sale of merchandise is an income-producing factor. * * *
SEC. 29.41–2. BASES OF COMPUTATION AND CHANGES IN ACCOUNTING METHODS.—* * * in any case in which it is necessary to use an inventory, no method of accounting in regard to purchases and sales will correctly reflect income except an accrual method. * * *

[4] SEC. 41. GENERAL RULE.
The net income shall be computed upon the basis of the taxpayer's annual accounting period (fiscal year or calendar year, as the case may be) in accordance with the method of accounting regularly employed in keeping the books of such taxpayer ; but if no such method of accounting has been so employed, or if the method employed does not clearly reflect the income, the computation shall be made in accordance with such method as in the opinion of the Commissioner does clearly reflect the income. * * *

Sometime in 1948 petitioner, who operated a dealership under a franchise from the Chrysler Corporation, De Soto Division, endeavored to conform with the "uniform standard accounting system" provided for in that franchise, which system was one of accrual. He hired a bookkeeper to maintain his books and records which consisted primarily of a journal and ledger, supported by vouchers for each entry made therein. Petitioner sold items falling into four general categories—new and used cars, repair parts, accessories, and miscellaneous merchandise. The sale of each item was recorded in the journal at the full sales price even when that price or a portion thereof was not immediately collected. Petitioner, on the other hand, was unable to point to any book entries substantiating the figures listed in his returns as gross receipts for 1949 and 1950 and claimed by him to represent actual cash received. As each item was sold the cost of that item was also recorded in the journal; in other words, such cost was not recorded when the item was purchased by petitioner but, rather, was charged against the income derived from the particular sale thereof. The total sales and cost figures in the journal were transferred to appropriate accounts in the ledger. As for expenses, they were recorded on an accrual basis.

No formal inventory records were maintained, but a memorandum book kept by petitioner for new cars showed that none were on hand either at the beginning of 1949 or the beginning of 1950. Although two new cars were in stock at the end of 1950, they were not charged against income for that year. For new cars, therefore, it is clear that petitioner's accounting method, though not employing all the formal recording devices of accrual, was nevertheless an accrual method in substance. Concerning the other items sold there is no evidence whatever as to opening and closing inventories thereof for 1949 and 1950.

Considering the evidence as a whole we are of the opinion that for the taxable years 1949 and 1950, (a) petitioner's recording of total sales prices, rather than only cash received, (b) his charging to each sale the particular cost thereof, rather than charging items against income at the time purchased without regard to when sold, and (c) his accrual of expenses constituted an accounting method which contained the necessary requisites of accrual accounting and which clearly reflected income. *United States* v. *Anderson*, 269 U. S. 422; *Spring City Foundry Co.* v. *Commissioner*, 292 U. S. 182; *H. H. Brown Co.*, 8 B. T. A. 112. On this issue, therefore, we sustain respondent in his contention that petitioner's books were kept according to an accrual method of accounting for 1949 and 1950 and that petitioner's returns for those years must be made on the same basis. *Deakman-Wells Co.*, 20 T. C. 610, 612. We deem of no consequence

the assertion in petitioner's brief that, prior to 1949 and 1950, he filed his returns on the cash basis and was never asked to change them. *C. L. Carver*, 10 T. C. 171, affd. (C. A. 6) 173 F. 2d 29.

Petitioner prepared operating statements for 1949 and 1950 which he submitted to De Soto. With two exceptions (taxes for 1949 and insurance for 1950) those statements accurately reflected petitioner's book entries and correctly showed net profit, as recorded in those books, from the automobile business. Respondent made the two adjustments necessary to conform the statements to the books and made certain other adjustments in the statements, unrelated to the issue of the accounting method used by petitioner, all of which are hereinafter discussed.

Respondent determined that $2,638.92, listed as a deduction for repairs and upkeep in 1949, was actually expended for a capital improvement, the cost of which was properly recoverable only through depreciation deductions, and that $95.97 of the deduction for taxes listed on the 1949 operating statement was nondeductible because not supported by any entry in petitioner's books. Petitioner failed to introduce any evidence to sustain his burden of proving that respondent erred in these determinations and respondent, therefore, must be sustained therein. *Burnet* v. *Houston*, 283 U. S. 223; *Welch* v. *Helvering*, 290 U. S. 111. Respondent also disallowed $923.90 in deductions for insurance on the ground that that sum was expended not for business insurance but to pay premiums on life insurance policies of petitioner and his wife. We have found that only $578.22 was expended for such life insurance premiums. Respondent erred, therefore, to the extent that he disallowed more than that amount.

In addition to $865.97 not claimed by petitioner but allowed by respondent as a depreciation deduction for 1949, we have found that petitioner used a 1948 model car, costing $2,000, in his business and did not hold that car in inventory or as stock in trade for sale. Regs. 111, sec. 29.23 (1)–2. A depreciation deduction of $500 for that car is consequently allowable for 1949 under section 23 (1) (1) of the 1939 Code. Our findings also indicate that a second car (costing $2,000) and a truck (costing $1,000) were acquired sometime in 1949 for use in the business. There being no evidence regarding when in 1949 those vehicles were acquired, however, depreciation deductions cannot be determined for them. *Burnet* v. *Houston, supra; Welch* v. *Helvering, supra.*

For 1950, respondent disallowed $4,000 of $5,228.07 listed on the operating statement for that year as executive salaries because he determined that that sum, derived from a book account labeled "M. E. T. house account," was expended for nondeductible personal living expenses. Sec. 24 (a) (1), I. R. C. 1939. Petitioner failed to intro-

duce evidence establishing respondent's determination to be in error and, consequently, that determination must be sustained. *Burnet* v. *Houston, supra; Welch* v. *Helvering, supra.* Similarly, respondent's disallowance of $763.99 of claimed insurance expenses, after inspection of petitioner's books revealed that entries supporting that sum were lacking, must be sustained for petitioner's failure to produce any convincing evidence that respondent erred.

Finally, respondent made certain adjustments in depreciation deductions which were not contained in the 1950 operating statement but were claimed in petitioner's return for that year. Disallowance of portions of the deductions claimed for depreciation of a "frame garage" and "equipment," and disallowance of the entire deduction claimed for "office," is sustained because petitioner failed to introduce evidence indicating respondent's determinations to be in error. *Burnet* v. *Houston, supra; Welch* v. *Helvering, supra.* On the other hand, we have found that respondent erred in disallowing depreciation deductions, totaling $1,450, claimed by petitioner on two cars and one truck. Since those vehicles were used in the business, and not held in inventory or as stock in trade for sale (Regs. 111, sec. 29.23 (1)–2), depreciation deductions therefor are allowable under section 23 (1) (1) of the 1939 Code. The amounts of the deductions thereon claimed by petitioner are correct.

Petitioner failed to produce at any time books or records bearing upon his automobile business income for 1946, 1947, or 1948. Respondent, therefore, determined petitioner's net business profit for those years by the net profit percentage method, as follows: He computed the average percentage of net profit to sales for 1949 and. 1950 as 11 per cent (to the nearest whole number), and applied that 11 per cent to sales as reported in petitioner's returns for each of the years 1946 through 1948. It is clear, in view of petitioner's lack of books and records, that respondent was justified in determining income pursuant to that method (sec. 41, I. R. C. 1939, *supra; Maurice Cross*, 24 B. T. A. 1079) and that petitioner's complaint that the deficiencies for those years were determined by respondent "without any regard to actual figures and conditions as shown by the original returns" has no legal validity. *Louis Halle*, 7 T. C. 245, 249, 250,[5]

---

[5] "This petitioner, like every other taxpayer, was required by law to file an income tax return for each of the years involved herein and to report thereon, fully and honestly, every item of gross income received by him. Inherent in that requirement was the further requirement that he maintain adequate records of some kind to show to him and to the Commissioner the amount of income received by him in each year and the nature and the basis for any deductions claimed. The Commissioner need not accept, as complete, correct, and accurate, the returns filed or the sworn statement of the taxpayer that his returns completely and correctly disclose his tax liability. The Commissioner has authority to check the returns against the records of the taxpayer and, if no records have been kept or if the records are incomplete, inaccurate, or otherwise unsatisfactory, he may seek information elsewhere to discover, assess, and collect the full tax liability imposed by law. *Estate of Robert Lyons Hague*, 45 B.T.A. 104 ; affd., 132 Fed. (2d) 775."

affd. (C. A. 2) 175 F. 2d 500, certiorari denied 338 U. S. 949. Our findings and opinion regarding 1949 and 1950, however, indicate that the correct average net profit percentage for those years (to the nearest whole number) was 10 per cent, rather than 11 per cent. Consequently, we have redetermined petitioner's net profit for 1946 and 1948 on that basis. Respondent conceded in his brief that following the method used by him in determining petitioner's income for 1947 leads to the conclusion that that year was barred by the statute of limitations. We, therefore, hold that any deficiency for the year 1947 is barred by the statute of limitations.

The final issue concerns the applicability of the statute of limitations to the deficiencies for 1946. Our findings indicate that the deficiency notice for 1946 was mailed more than 3, but less than 5, years following the date petitioner's return for that year is deemed to have been filed.[6] Petitioner reported in that return gross income of $3,587.77, whereas we have found that his correct *adjusted* gross income for 1946 was $4,781.10. It is obvious, therefore, that he omitted from the 1946 return gross income in excess of 25 per cent of the gross income reported therein. Consequently, the 5-year statute of limitations in section 275 (c) of the 1939 Code applies and assessment of the deficiency for 1946 is not barred.

*Decision will be entered under Rule 50.*

---

[6] Internal Revenue Code of 1939.

SEC. 275. PERIOD OF LIMITATION UPON ASSESSMENT AND COLLECTION.

Except as provided in section 276—

(a) GENERAL RULE.—The amount of income taxes imposed by this chapter shall be assessed within three years after the return was filed, and no proceeding in court without assessment for the collection of such taxes shall be begun after the expiration of such period.

\* \* \* \* \* \* \*

(c) OMISSION FROM GROSS INCOME.—If the taxpayer omits from gross income an amount properly includible therein which is in excess of 25 per centum of the amount of gross income stated in the return, the tax may be assessed, or a proceeding in court for the collection of such tax may be begun without assessment, at any time within 5 years after the return was filed.

\* \* \* \* \* \* \*

(f) For the purposes of subsections (a), (b), (c), (d), and (e), a return filed before the last day prescribed by law for the filing thereof shall be considered as filed on such last day.