OPINION. Van Fossan, Judge: Fundamentally, the question presented is whether respondent may properly require petitioner to change his method of reporting business income from Mifflin Pianos, for the years involved, from a cash to an accrual basis. There is no dispute that during the taxable years and for sometime prior thereto the books of Mifflin Pianos were kept on an accrual basis. Nor is it disputed that inventories were kept and utilized in connection with the computation of cost of goods sold reported on petitioner’s tax returns for such years, which returns were on a cash basis. Despite this use of inventories, however, petitioner, on brief, argues that due to the abnormal manner in which the selling operations of Mifflin Pianos were conducted, it really was unnecessary for him to use inventories and that, under the circumstances here present, a cash method of reporting more clearly reflects income than does an accrual basis. In this connection, petitioner even goes so far as to urge that, while he is mindful of his stipulation that the books were consistently maintained on an accrual basis, he would, at this point, question whether such system was not actually accrual in name only. In view of the facts found on this record, we think that the foregoing argument is not open to petitioner, and completely misses the mark. The fact is that petitioner did make use of inventories, whether or not it was actually necessary to do so, in computing cost of goods sold for each of the taxable years before us. Moreover, petitioner’s stipulation with regard to the method of accounting employed in maintaining the books of Mifflin Pianos closes the question to any further discussion. Petitioner’s method of computing and reporting his income in the returns for each of the years in controversy was in direct violation of section 41 of the Internal Revenue Code of 1939,[1] which section provides that net income for income tax purposes shall be computed in accordance with the method of accounting regularly employed by the taxpayer in keeping his books, provided, however, that if such method does not clearly reflect income, the method, which in the opinion of the respondent does clearly reflect income, shall be used. Here, respondent does not question the accounting method used in maintaining the books of Mifflin Pianos as clearly reflecting its income. Rather, it is respondent’s position that the books of account so maintained adequately and clearly reflect income, and that petitioner should compute and report his income from this source in conformity therewith. We agree with respondent. The respondent may in his discretion, in order to reflect income accurately, require a taxpayer to change his method for reporting income for income tax purposes, and his action to such end will be upheld unless an abuse of discretion be shown. C. L. Carver, 10 T. C. 171, 173, affd. 173 F. 2d 29. Cf. William Hardy, Inc., 82 F. 2d 249. No such showing is here made. That respondent accepted petitioner’s returns over a period of years without question and did not in any such year require the change he now would order, is immaterial. C. L. Carver, supra; Z. W. Koby, 14 T. C. 1103. Furthermore, we do not know, nor are we concerned with, how or why the employee of the collector’s office, who originally filled out petitioner’s return, concluded that petitioner’s books were maintained on a cash basis and that therefore his returns should be so filed. It may have been due to the fact that petitioner’s books at that time were apparently of the single-entry type, which type is ordinarily maintained on a cash basis, or it could have been due to error or oversight. One conjecture is as good as another. See C. L. Carver, supra. In any event respondent is not now estopped thereby to require petitioner to change his method of reporting to conform with that on which his books are maintained, which method respondent has determined clearly reflects petitioner’s income. Nor are we impressed with petitioner’s argument emphasizing the consistency of the method of reporting followed by him. Such method has been consistent chiefly in its inconsistency with the method employed in keeping petitioner’s books of account. Accordingly, we sustain respondent’s determination, and hold that petitioner’s method of reporting his business income from Mifflin Pianos during the years in dispute should properly have been on an accrual basis of accounting in conformity with the books of account so maintained. See also Caldwell v. Commissioner, 202 F. 2d 112. Respondent having effected a change in petitioner’s reporting method for the year 1944, to which change and necessary adjustments to accounts receivable petitioner agreed, albeit under protest, the question sometimes encountered with respect to any adjustments in opening accounts receivable for the year 1945 is not here posed. Decisions will be entered under Rule 50. SEC. 41. GENERAL RULE. The net income shall be computed upon the basis of the taxpayer's annual accounting period (fiscal year or calendar year, as the case may be) in accordance with the method of accounting regularly employed in keeping the books of such taxpayer; but if no such method of accounting has been so employed, or if the method employed does not clearly reflect the income, the computation shall be made in accordance with such method as in the opinion of the Commissioner does clearly reflect the income. * * *