Richard E. Kosikowski and Mary J. Kosikowski v. Commissioner.
Kosikowski v. Commissioner
Docket No. 2566-69 SC.
United States Tax Court
T.C. Memo 1970-289; 1970 Tax Ct. Memo LEXIS 72; 29 T.C.M. (CCH) 1340; T.C.M. (RIA) 70289; October 8, 1970, Filed *72 Held, amounts petitioner received as per diem living expense allowances during the taxable years 1965 and 1966 are includable in his gross income under sec. 61(a), I.R.C. 1954. Held further, evidence relating to transportation expenses claimed by petitioners for these years for the first time at the trial and concerning which there are no allegations in the pleadings is not within the issues under our Rules of Practice (Rule 7(c)(4)), and may not be considered. Richard L. Powell, for the petitioners. David S. Meisel, for the respondent. WITHEY
Memorandum Findings of Fact and Opinion WITHEY, Judge: Respondent determined deficiencies in petitioners' income tax as follows: Year
Deficiency
1965
$112.13
1966
647.29
*73 The issue for decision is whether the payments petitioners received as per diem living expense allowances during the taxable years 1965 and 1966 are includable in their gross income under section 61(a) of the 1954 Code. [1] The issue with respect to respondent's recomputation of petitioners' medical expense deductions for those years is governed by our resolution of the primary issue. Findings of Fact Some of the facts have been stipulated orally at the trial and are found accordingly. Richard E. Kosikowski, hereinafter sometimes referred to as the petitioner, and his 1341 wife, Mary J. Kosikowski, were residents of the State of Georgia on June 2, 1969, the date of the filing of the petition herein. The petitioners filed joint income tax returns for the taxable years 1965 and 1966 with the district director of internal revenue, Atlanta, Georgia. Petitioner is a professional and structural engineer. He contracts his services to various companies through agreements to work at certain places or multiple places at agreed amounts for agreed times on a contract basis. Petitioner *74 was employed by Comprehensive Designers, Inc., Philadelphia, Pennsylvania, during the periods involved herein. From October 18, 1965, to September 29, 1967, the petitioner worked on the premises of the Lockheed-Georgia Company in Marietta, Georgia. Petitioner and his family resided at Doraville, Georgia, from January 1965 to December 1965. The distance between petitioner's place of residence in Doraville and the Lockheed-Georgia Company in Marietta, Georgia, is 18 miles. In December 1965, petitioner and his family moved to Dunwoody, Georgia, where they presently reside. The distance between his residence in Dunwoody, Georgia, and the Lockheed-Georgia Company in Marietta, Georgia, is 17 miles. During 1965 and 1966, petitioner drove his personal automobile between his residence and the Lockheed-Georgia Company in Marietta, Georgia, where he worked. Petitioner received a per diem living expense allowance from Comprehensive Designers, Inc., in the amount of $490 during the period October 18, 1965, through December 31, 1965, and in the amount of $2,499 during the year 1966. Petitioners did not include the amounts received as per diem living expense allowances in gross income for *75 1965 and 1966. In the statutory notice of deficiency, respondent determined that the amounts received by petitioner as living expense allowances were includable in petitioners' gross income for the taxable years 1965 and 1966. In their petition, petitioners allege, inter alia, that: (a) Petitioner Richard E. Kosikowski, is and was during the tax years 1965 and 1966, the years in question, a "job shopper." (b) A job shopper is a person who because of his particular skills is needed by an organization for a temporary period of time; for instance, a tool designer may be needed by an organization to design specific tools for a specific job and when these tools are designed his services are no longer needed. * * * (d) Taxpayer in this instance and while a job shopper on a temporary basis received a per diem allowance and this per diem allowance was not included in gross income. (e) An auditor of the Internal Revenue Service * * * has adjusted the 1965 and 1966 income tax returns of the taxpayers herein to include the per diem allowance as income for the years 1965 and 1966. Said audit changes are erroneous. Ultimate Finding of Fact Amounts petitioner received as per diem *76 living expense allowances during the taxable years 1965 and 1966 are includable in his gross income under section 61(a). Opinion Petitioner received per diem living expense allowances from his employer during the taxable years 1965 and 1966 in the respective amounts of $490 and $2,499 which were not reported on his income tax returns for those years. Respondent, in his notice of deficiency, determined that these amounts were includable in petitioners' gross income and increased their taxable income for 1965 and 1966 by the amount of the payments involved, Respondent determined further that no part of the petitioners' living expenses for which the per diem allowances were presumed to have been made was deductible os ordinary and necessary business expense. [2]
*77 Respondent's determination with respect to inclusion of the amounts of per diem living expense allowances paid to petitioner by his employer, Comprehensive Designers, Inc., during the period involved, is 1342 presumptively correct, and the burden is on petitioners to demonstrate error therein. Also regardless of the grounds set forth in respondent's notice of deficiency for such inclusion, it is well established that a deficiency may be approved by us for reasons other than those relied upon by the respondent. Max Schuster, 50 T.C. 98, 100 (1968); Wilkes-Barre Carriage Co., 39 T.C. 839 (1963), affd. 332 F. 2d 421 (C.A. 2, 1964); Bernstein v. Commissioner, 267 F. 2d 879, 881-882 (C.A. 5, 1959), affirming a Memorandum Opinion of this Court. Petitioners has adduced no affirmative evidence to show that the per diem living allowances in question are not includable in his gross income as additional compensation under section 61(a)(2) of the 1954 Code; [3]Harold Brannon Magness, 26 T.C. 981 (1956), affd. 247 F. 2d 740 (C.A. 5, 1957), certiorari denied 355 U.S. 931 (1958); Cockrell v. Commissioner, 321 F. 2d 504 *78 (C.A. 8, 1963), affirming 38 T.C. 470 (1962). Accordingly, respondent's determination must stand. Petitioner at the trial contended that the per diem payments involved were not includable in his gross income and suggests that he is entitled to deduct the cost of transportation from his home in Doraville, Georgia, during 1965 and in Dunwoody, Georgia, during 1966 against the per diem living allowances received during that period because his employment at Lockheed was "temporary" and he was working away from his home. [4] The short answer to petitioner's claim is that the issue as it relates to the years under review has not been properly raised in the pleadings and petitioner has presented no motion to amend the pleadings or proposed amendment thereof. An issue is not properly raised by opening statements *79 of counsel, or by an oral motion for leave to amend, even if granted during the hearing, unless a written amendment containing the necessary assignment of error is timely filed thereafter, as required by Rule 17. M. C. Parrish & Co., 3 T.C. 119, 129 (1944), affd. on other grounds, 147 F. 2d 284 (C.A. 5, 1945). Manifestly, the petition filed herein as it relates to a deduction for transportation expenditures is defective under our procedural rules. Rule 7(c)(4), Tax Court Rules of Practice, plainly requires that the petition contain clear and concise statements of each and every error which the petitioner alleges to have been committed by the respondent in the determination of the deficiency. Louis Halle, 7 T.C. 245, 248 (1946), affd. 175 F. 2d 500 (C.A. 2, 1949), certiorari denied 338 U.S. 949 (1950). No amended petition was offered for filing and the proof which petitioner attempted to present at the trial in relation to the alleged transportation deduction was fragmentary, vague, and inconclusive. On numerous occasions we have held that we will not and cannot consider issues which have not been pleaded. J. William Frentz, 44 T.C. 485, 490-491 (1965); *80 Nathan Goldsmith, 31 T.C. 56, 63-64 (1958); Muzaffer ErSelcuk, 30 T.C. 962, 965 (1958); Estate of Ostella Carruth, 28 T.C. 871, 872 (1957); Lynne Gregg, 18 T.C. 291, 303 (1952), affd. per curiam 203 F. 2d 954 (C.A. 3, 1953); Edward S. Phillips, 9 B.T.A. 1016-1019 (1927). Petitioners' claim for a transportation deduction is not inherent in or covered by the vague assignment of error in their petition. In their petition, petitioners merely allege that respondent's adjustments for the taxable years are "erroneous." We believe that petitioners' argument at the trial with respect to transportation expenses presents a new issue entirely foreign to the allegations of error and facts set forth in their petition. Under the circumstances, the issue is not before us. Decision will be entered under Rule 50. 1343 Footnotes
1. All references are to the Internal Revenue Code of 1954, unless otherwise indicated.↩
2. In the "Explanation of Adjustments" of the statutory notice, respondent stated, in pertinent part, as follows: (a) It is determined that Marietta, Georgia, was your home for tax purposes from October 18, 1965 through December 31, 1965, and for the entire year of 1966. Therefore, the living expense payments made to you by Comprehensive Designers, Inc. in the amount of $490.00 during the period October 18, 1965 through December 31, 1965, and in the amount of $2,499.00 during the year 1966, are includible in your gross income. It is further determined that no part of your living expenses for which these amounts were paid are deductible as ordinary and necessary business expenses. * * *↩
3. Section 61 provides, in material part, as follows: (a) General Definition. - Except as otherwise provided in this subtitle, gross income means all income from whatever source derived, including (but not limited to) the following items: (1) Compensation for services, including fees, commissions, and similar items; (2) Gross income derived from business;↩
4. In his preliminary statement at the trial, counsel for petitioner stated that it is petitioner's position that "he is a job shopper, that he is a contractor and that he was entitled to deduct these expenses - this per diem for the years in question."↩