CAREW

v.

COMMISSIONER OF INTERNAL REVENUE.

No. 11977.

United States Court of Appeals, Sixth Circuit.

July 13, 1954.

Miller, Circuit Judge, dissented.

Edward A. Eisele, Jr., Cleveland, Ohio, C. H. Henkel, Mansfield, Ohio, on the brief for petitioner.

Fred Youngman, Washington, D. C., H. Brian Holland, Ellis N. Slack, Lee A. Jackson, S. Dee Hanson, Washington, D. C., on the brief for respondent.

Before SIMONS, Chief Judge, and MILLER, Circuit Judge, and STARR, District Judge.

STARR, District Judge.

The petitioner taxpayer, having been granted a 30-day extension, filed his income tax return for 1945 on April 15, 1946. The Commissioner mailed notice of deficiency assessment for that year in the amount of $6,461.78 on March 27, 1951, which was more than three years, but less than five years, after the return was filed. The amount of the deficiency assessment is admitted to be correct. The taxpayer petitions for review of the Tax Court's decision, which sustained the assessment as timely made within the five-year limitation period provided by § 275(c) of the Internal Revenue Code, 26 U.S.C.A. § 275(c), on the ground that the taxpayer had omitted from his return an amount of "gross income" properly includible therein which was in excess of 25 per cent of the amount of gross income "stated" in his return. The only question presented on this review is whether the three-year period of limitation provided in § 275(a) of the Internal Revenue Code for the assessment of a deficiency, or the five-year period of limitation for the assessment provided in § 275(c) was applicable. Section 275(a) provides:

> "The amount of income taxes imposed by this chapter shall be assessed within three years after the return was filed, and no proceeding in court without assessment for the collection of such taxes shall be begun after the expiration of such period."

Section 275(c) provides:

> "If the taxpayer omits from gross income an amount properly includible therein which is in excess of 25 per centum of the amount of gross income stated in the return, the tax may be assessed, or a proceeding in court for the collection of such tax may be begun without assessment, at any time within 5 years after the return was filed."

The taxpayer contends that the assessment and collection of the agreed deficiency of $6,461.78 was barred by the three-year limitation provided in § 275(a). On the other hand, the Commissioner contends that the assessment was timely under the five-year limitation provided in § 275(c). To answer this question as to whether the three-year or the five-year period of limitation was applicable, we must first determine whether the taxpayer in his 1945 return omitted from his *statement of gross income* an amount properly includible therein which

was in excess of 25 per cent of the amount "stated."

The material facts are stipulated. In his 1945 return the taxpayer reported his "occupation" and "nature of business" as "Transfer & Storage Grocery & Trailers," and stated that he was self-employed. Under item 4—"If you received any other income, give details on page 2 and enter the total here"—the taxpayer stated the sum of $2,640.47, which he had shown in Schedule C on page 2 as the "net profit" from his business. He entered no amount under item 2 representing wages, salaries, and other compensation, or under item 3 representing dividends and interest, or under item 5 representing the total amount of items 2, 3, and 4. In "Schedule C.—Profit (or Loss) from Business or Profession," he made the following statement relative to his gross and net profit:

"1. Total receipts .......................... $67,105.95
"Cost of Goods Sold
"2. Inventory at beginning of year ...................... $ 2,100.00
3. Merchandise bought for sale 19,849.41
4. Labor ......................... 11,614.07
5. Material and supplies...... 2,193.30
6. Other costs (explain in Schedule G) .............. 25,869.93

7. Total of lines 2 to 6...... $61,626.76
8. Less inventory at end of year ...................... 1,521.28

9. Net cost of goods sold (line 7 less line 8)............. $60,105.48

10. *Gross profit* (line 1 less line 9) ........................ $ 7,000.47
"Other Business Deductions
"11. Salaries and wages not in line 4..... $ 704.21
12. Interest on business indebtedness.... 598.55
13. Taxes on business and business property ................................. 420.20
14. Losses (explain in Schedule G)...... 325.17
15. Bad debts arising from sales or services ........................... 1,307.85
16. Depreciation, obsolescence and depletion (explain in Schedule F)... 956.45
17. Rent, repairs, and other expenses (explain in Schedule G)............ 47.57
18. Amortization of emergency facilities (attach statement) ................ .........
19. Net operating loss deduction (attach statement) ................... .........

20. Total of lines 11 to 19............... $ 4,360.00
21. Total of lines 9 and 20.............. $64,465.48
22. Net profit (or loss) (line 1 less line 21) ............................. $ 2,640.47"

In a typewritten statement attached to his return the taxpayer itemized "Other Costs," item 6 of Schedule C above, as follows:

"Allied charges ........................... $ 141.02
Association dues ......................... 44.78
Bank charges ............................. 17.94
Mrs. Carew alimony and settlement..... 11,200.00
Driver's expenses ........................ 3,304.14
Legal expenses ........................... 762.60
Light, telephone and water.............. 1,495.91
Miscellaneous expenses .................. 1,434.99
Social security ........................... 124.83
Trailer expenses ......................... 79.53
Trailer city expenses..................... 3,169.90
Truck repairs ............................ 3,931.98
Unemployment insurance ................. 162.33

Total ..................................... $25,869.93."

In his return the taxpayer reported his 1945 tax, computed on the basis of the "net profit" of $2,640.47 shown in his Schedule C above, in the amount of $431, and he paid that amount.

In his notice of deficiency assessment the Commissioner listed the following adjustments in the taxpayer's 1945 return, which the taxpayer admits are correct:

"I. Unallowable deductions and additional income
(a) Net capital gain........ $ 4,556.20
(b) Alimony settlement..... 11,200.00
(c) Legal expense .......... 762.60
(d) Inventory adjustment.. 254.92

$16,773.72
"II. Additional deduction
(a) Optional standard deduction.... 500.00

Net addition to reported taxable income ............................... $16,279.72"

In Schedule C, line 10, the taxpayer stated his gross profit as $7,000.47, and under his method of computation that figure was actually a statement of his "gross income" within the meaning of the term as used in § 275(c) of the Revenue Code. However, he contends that the Commissioner should have revised his entire tax return and rearranged the figures so as to show a "gross income" greatly in excess of the $7,000.47 he had stated. He asks in effect that his return be revised so as to show a "gross income" of $46,677.82 or, in the alternative, $35,063.75, computed on the following basis:

| | "Proposed | Alternate |
|---|---|---|
| "Gross sales.................. | $ 67,105.95 | $ 67,105.95 |
| "Cost of goods sold: | | |
| Beginning inventory..... | 2,100.00 | 2,100.00 |
| Purchases ............... | 19,849.41 | 19,849.41 |
| Ending inventory........ | (—1,521.28) | (—1,521.28) |
| Salaries and wages...... | ....... | 11,614.07 |
| Cost of goods sold..... | $ 20,428.13 | $ 32,042.20 |
| "Gross income (gross sales less cost of goods sold.. | $ 46,677.82 | $ 35,063.75" |

The taxpayer, by a process of inverse reasoning, also asserts the following as a third alternative, whereby he computes his gross income at $34,715.22:

| "Gross Profit (line 10) | | $ 7,000.47 |
|---|---|---|
| Labor | (23 [a] 6) [1] | 11,614.07 |
| Material & supplies | (23 [a] 3) | 2,193.30 |
| Allied charges | (23 [a] 1) | 141.02 |
| Association dues | (23 [a] 1) | 44.78 |
| Bank charges | (23 [a] 1) | 17.94 |
| Drivers expenses | (23 [a] 2) | 3,304.14 |
| Light, Tel. & Water | (23 [a] 1) | 1,493.91 |
| Miscellaneous | (23 [a] 1) | 1,434.99 |
| Social Security | (23 [c] ) | 124.86 |
| Trailer expenses | (23 [a] 1) | 79.53 |
| Trailer city expenses | (23 [a] 1) | 3,169.90 |
| Truck repairs | (23 [a] 4) | 3,931.98 |
| Unemployment Insurance | (23 C) | 162.33 |
| Adjusted gross profit | | $34,715.22" |

The taxpayer contends that as the one item of admittedly unreported net capital gain of $4,556.20 shown in the Commissioner's adjustments in the 1945 return, was less than 25 per cent of either of his three above alternate computations of gross income, the assessment of the deficiency is barred by the three-year period of limitation. The Commissioner contends that the sum of $7,000.47 reported in the return as gross profit was actually the taxpayer's *statement* of his "gross income," and that as the unreported net capital gain of $4,556.20 was in excess of 25 per cent of his statement of gross income, the deficiency assessment was timely made within the five-year limitation. Section 22(a) of the Code, 26 U.S.C.A. § 22(a), provides:

"General definition. 'Gross income' includes gains, profits, and income derived from salaries, wages, or compensation for personal service * * *, of whatever kind and in whatever form paid, or from professions, vocations, trades, businesses, commerce, or sales, or dealings in property, whether real or personal, growing out of the ownership or use of or interest in such property; also from interest, rent, dividends, securities, or the transaction of any business carried on for gain or profit, or gains or profits and income derived from any source whatever."

The taxpayer's statement that his occupation or business was "Transfer & Storage Grocery & Trailers," brings him within the classification of a merchandising business. Section 29.22(a)–5 of Treasury Regulations III promulgated under the Internal Revenue Code provides:

"*Gross income from business.* In the case of a manufacturing, merchandising, or mining business, 'gross income' means the total sales, less the cost of goods sold, plus any income from investments and from incidental or outside operations or sources. In determining the gross income subtractions should not be made for depreciation, depletion, selling expenses, or losses, or for items not ordinarily used in computing the cost of goods sold."

Although tax report form 1040 used by the taxpayer does not contain the term "gross income," it is nevertheless clear that the statement in his return of a gross profit of $7,000.47 was actually his statement of his "gross income" within the meaning of that term as used in § 275(c). There was no obligation on the Commissioner to revise or reconstruct the return, and the taxpayer is bound by that statement of his gross income. Furthermore, in determining the deficiency assessment of $6,461.78 the Commissioner considered not only the unreported net capital gain item of $4,556.20 but also the nondeductible and additional income items of: alimony settlement, $11,200; legal expense, $762.60; and

1. Treasury Regulations 111, § 29.23(a)–6.

inventory adjustment $254.92. As the taxpayer admits the deficiency assessment is correct, it could be argued with considerable force that these nonallowable deductions and additional items aggregating $12,217.52 were also omitted by the taxpayer in computing his statement of "gross income" in his return. In Corrigan v. Commissioner of Internal Revenue, 6 Cir., 155 F.2d 164 at page 166, this court, in affirming the Tax Court's holding that the five-year limitation provided in § 275(c) was applicable, said:

> "The taxpayer urges that the five-year limitation does not govern, upon the ground that the proposed increases in her income taxes result from the disallowance of deductions from gross income and not from omissions from gross income. The income of the taxpayer was increased by the amount of the deductions taken which was in excess of twenty-five per cent of the amount of gross income stated in the return. Since she did not report this amount in her return, she omitted it from gross income. The fact that the trustee in its return set out the entire trust income and deductions claimed does not relieve the taxpayer from her obligation to include these amounts in gross income. The omission falls squarely within the terms of § 275(c) and the five-year limitation applies."

■ Section 275(c) provides that if the taxpayer omits from gross income an amount properly includible which is in excess of 25 per cent of the *amount of gross income stated,* the deficiency tax may be assessed at any time within five years. Therefore, the amount of $7,000.-47 which the taxpayer *stated* in his return is the controlling figure. There was no obligation on the Commissioner to change that *statement of gross income* by a reaudit or revision of the return, even though a complete reaudit or revision might have changed the figure of gross income. In O'Bryan v. Commissioner of Internal Revenue, 9 Cir., 148 F.2d 456, 459, 460, the court said:

> "The mere appearance of the total amount of gross income somewhere on the face of an income tax return is not sufficient to prevent an omission within the terms of § 275(c). The government is not required to search carefully throughout a tax return to ascertain some fact which will put it on notice of error. It is apparent from the pertinent legislative history that care and good faith on the part of a taxpayer will not prevent the applicability of subsection (c). Ewald v. Commissioner of Internal Revenue, 6 Cir., 1944, 141 F.2d 750, 753. To satisfy the terms of the section, the figure which represents gross income and from which net income is derived must not be understated by an amount in excess of 25 per cent of the figure. In the instant case gross income was shown as only half the correct amount. Therefore, the limitation period for assessing deficiencies was determined by § 275(c)."

In Ewald v. Commissioner of Internal Revenue, 6 Cir., 141 F.2d 750 at page 753, this court in affirming the decision of the Tax Court said:

> "It is clear that it was the congressional purpose to fix a longer period of limitation regardless of the intention of the taxpayer where the sum omitted from gross income was 25 percent or more. As we view it the act is so plain that it can have but one interpretation. The word 'omits' is in no way qualified by the context of the Revenue Act. If it had been the intention of the framers of the act to qualify it so as to apply only to negligent omission, the word 'negligently' easily could have been inserted. Ordinarily, the word 'omit' means to disregard, to fail, forbear, neglect to mention, or to fail to insert or include. In fact, the meaning of the word includes the

failure to do all things that could be done under the circumstances."

See also Reis v. Commissioner of Internal Revenue, 6 Cir., 142 F.2d 900; Ketcham v. Commissioner of Internal Revenue, 2 Cir., 142 F.2d 996, 997; Foster's Estate v. Commissioner of Internal Revenue, 5 Cir., 131 F.2d 405. The factual situation presented in the case of Uptegrove Lumber Co. v. Commissioner of Internal Revenue, 3 Cir., 204 F.2d 570, cited and relied upon by the taxpayer clearly distinguishes it from the present case and does not support his contentions.

We agree with the Tax Court that in his 1945 return the taxpayer omitted from his gross income an amount properly includible therein in excess of 25 per cent of the amount of "gross income stated" in the return. Therefore, the Commissioner's assessment of the deficiency of $6,461.78 was timely made within the five-year period provided by § 275(c) of the Internal Revenue Code. The decision of the Tax Court is affirmed.

MILLER, Circuit Judge (dissenting).

I am not in agreement with my associates in their view that the "Gross profit" of $7,000.47 reported by the taxpayer is to be considered a statement of his "gross income" for the purposes of Section 275(c) Internal Revenue Code. Gross income for this type of taxpayer is defined by Sec. 29.22(a)–5, Treasury Regulations III as the total sales, less the cost of goods sold, without subtracting depreciation, selling expenses or losses. The tax return shows on its face that the reported "Gross profit" of $7,000.47 is not the same as "gross income" but is the result of deducting from total receipts of $67,105.95 not only the cost of goods sold but also an item of $25,869.98 (item 6 of Schedule C) which should not be deducted in determining gross income. The failure of the tax form to provide a place where gross income could be specifically stated does not authorize the Commissioner to treat "gross profit" the same as "gross income." "Gross income" can be correctly determined from the figures shown in Schedule C of the return, which is the same schedule showing "gross profit." See Uptegrove Lumber Co. v. Commissioner of Internal Revenue, 3 Cir., 204 F. 2d 570.

When so determined the three-year statute of limitations is applicable instead of the five-year statute.