**H. A. HURLEY and H. A. and Opal Hurley, Petitioners,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Respondent.**

**No. 12536.**

United States Court of Appeals Sixth Circuit.

April 9, 1956.

Percy C. Young, Memphis, Tenn., for petitioners.

H. Brian Holland, Ellis N. Slack, S. Dee Hanson, and R. P. Hertzog, Washington, D. C., for respondent.

Before SIMONS, Chief Judge, and MARTIN and McALLISTER, Circuit Judges.

PER CURIAM.

This petition for review of the decisions of the Tax Court of the United States, brought to us by the taxpayer, H. A. Hurley, a dealer in tractors and farm implements and a farmer, and by his wife, Opal Hurley, has been heard and considered upon the oral arguments and printed briefs of the respective attorneys for the petitioner and respondent and upon the entire record in the case:

From which it appears that the findings of fact of the Tax Court are supported by substantial evidence and are not clearly erroneous, and that the opinion of the United States Tax Judge, which was reviewed by the Tax Court, demonstrates that the Commissioner of Internal Revenue was justified in the circumstances of the case in resorting to the net-worth method of determining income taxes;

That the revised net-worth statement was prepared from the books of the company, as corrected; and includes, moreover, amounts representing assets and liabilities not appearing on the taxpayer's books; that the figures obtained from such books and records made a sufficient showing of the value of the assets to shift to the petitioners the burden of going forward with the evidence;

That the books and records kept by the petitioner for the company were inadequate to reflect his income; and that, except for the years 1948 and 1949, petitioner's farming activities were not reported in his returns;

That numerous sales of automobiles and trucks were made without reflecting such transactions on his books of account;

That a bank account was carried in petitioner's name and used for dealings

of the company without being reflected on the books maintained for the company's operation; and that the inadequacy of the books of the company for computation of income tax was shown by the efforts of accountants' to adjust them for an adequate reflection of income:

For all of which reasons, the decisions of the tax court holding deficiencies in income taxes in the respective amounts found for the years in controversy are affirmed.