WALLACE SCHNEIDER AND ARLYNE SCHNEIDER, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Schneider v. Commissioner
Docket No. 26129-83.
United States Tax Court
T.C. Memo 1985-139; 1985 Tax Ct. Memo LEXIS 488; 49 T.C.M. (CCH) 1032; T.C.M. (RIA) 85139; March 26, 1985. Herbert L. Zuckerman and Robert J. Alter, for the petitioners. Richard J. Sapinski, for the respondent. FEATHERSTON
MEMORANDUM FINDINGS OF FACT AND OPINION FEATHERSTON, Judge: This case was assigned to Special Trial Judge Hu S. Vandervort pursuant to section 7456 and Rules 180 and 181.[1]
*490 OPINION OF THE SPECIAL TRIAL JUDGE VANDERVORT, Special Trial Judge: This case is before the Court on petitioners' motion for summary judgment pursuant to Rule 121. Respondent, in the Notice of Deficiency issued June 16, 1983, determined deficiencies and additions to tax for taxable year 1976 as follows: Addition To Tax
Addition To Tax
For Negligence
For Delinquency
Deficiency
Sec. 6653(a)
Sec. 6651(a)(1)
$31,177.12
$1,558.86
$1,292.05
Petitioners' motion for summary judgment raises the following issues: (1) whether gross proceeds from the casual sale of real property are to be taken into account in determining "gross income stated in the return" pursuant to section 6501(e); and, (2) whether the statute of limitations in this case was extended under section 6501(e), due to an omission of more than 25 percent of the gross income stated in petitioners' 1976 tax return. On June 20, 1977, petitioners, Wallace and Arlyne Schneider, (petitioners) filed their Federal income tax return for the taxable year 1976. Petitioners reported the following income in 1976: Source
Amount
Wages
$71,073
Interest
3,201
Schedule C (gross receipts)
1,500
Gross Income Stated
in Return
$75,774
*491 In addition petitioners reported, on Schedule D, the sale of real property located on Fire Island (the Property) as follows: Schedule D
Gross Sales Price
$18,500 Cost Basis
22,750 Gain or (Loss) on Sale
($ 4,250)
Both parties have agreed, albeit only for the purpose of this motion, that this was not a trade or business transaction, nor one that was entered into for profit in a business sense. Therefore, it can be classified as a casual sale of a capital asset which resulted in a $4,250.00 capital loss for petitioners. It is this transaction and its subsequent treatment under section 6501(e) which are the subject of petitioners' motion for summary judgment. Respondent alleges, and petitioners concede for the purpose of this motion only, that $23,184.42 was omitted from their 1976 return. [2]
On June 16, 1983, over three years, but less than six years from the date petitioners filed their 1976 return, the Commissioner issued the Notice of Deficiency *492 in this case. Petitioners filed a timely petition in this Court alleging errors in the Commissioner's determination of a deficiency. Ten days later petitioners filed an amended petition alleging, in addition, that the statute of limitations had run because the section 6501(a) three-year assessment period had expired. Respondent answered, alleging that the section 6501(e) six-year extended statute of limitations applied to this case because petitioners had omitted more than 25 percent of the gross income stated in their 1976 return. Petitioners now seek summary adjudication in their favor on the issue of whether the statute of limitations expired prior to the issuance of the statutory Notice of Deficiency. Specifically, petitioners contend that the gross sales price from the sale of the Property should be taken into account in the calculation of "gross income stated in the return" under section 6501(e) to determine whether there has been a 25 percent omission from gross income. Rule 121(b) states that a decision shall be rendered "if the pleadings, * * * and any other acceptable materials, together with the affidavits, if any, show that there is no genuine issue as to any material *493 fact and that a decision may be rendered as a matter of law." The party moving for summary judgment has the burden of demonstrating that no genuine issue as to any material fact exists. Adickes v. Kress & Co.,398 U.S. 144, 157 (1970); Jacklin v. Commissioner,79 T.C. 340, 344 (1982). Thus, the first issue we must decide is whether there is any issue of material fact in dispute. Respondent urges us to consider his contention that the sale of the Property may not have taken place, or that even if it did we cannot be sure of the details of the transaction. However, for the purpose of ruling on petitioners' motion we need only look at the 1976 returns, which are part of the record in this case. The parties are bound, for purposes of applying the six-year limitation period, by the amounts listed in the return and the manner in which they were reported. Iverson's Estate v. Commissioner,255 F.2d 1, 6 (8th Cir. 1958); Leas v. Commissioner,23 T.C. 1058, 1062 (1955). Thus we find, contrary to respondent's position, that there are no genuine issues of material fact in dispute. We now move on to the issue of law presented *494 in this motion. The controversy in this motion focuses on the interpretation of the "amount of grossincome stated in the return." Petitioners argue that the gross sales proceeds of $18,500.00, from the sale of the Property, should be included in the "amount of gross income stated in the return." In other words, gross income under section 6501(e) encompasses a "gross receipts" concept of gross income. [3]
Section 6501(a) sets out the general rule that taxes must be "assessed within 3 years after the return was filed * * *." There are several exceptions to this rule. In this motion, we are concerned with section 6501(e) which extends the statute of limitations to six years when *495 there has been a substantial omission of an item or items of gross income. Section 6501(e) provides: * * * (e) Substantial Omission of Items.--Except as otherwise provided in subsection (c)-- (1) Income taxes. --In the case of any tax imposed by subtitle A-- (A) General Rule.--If the taxpayer omits from gross income an amount properly includible therein which is in excess of 25 percent of the amount of gross income stated in the return, the tax may be assessed, or a proceeding in court for the collection of such tax may be begun without assessment, at any time within 6 years after the return was filed. For purposes of this subparagraph-- (i) In the case of a trade or business, the term "gross income" means the total of the amounts received or accrued from the sale of goods or services (if such amounts are required to be shown on the return) prior to diminution by the cost of such sales or services; and (ii) In determining the amount omitted from gross income, there shall not be taken into account any amount which is omitted from gross income stated in the return if such amount is disclosed in the return, or in a statement attached to the return, in a manner adequate to *496 apprise the Secretary of the nature and amount of such item. * * * With the exception of section 6501(e)(1)(A)(i), where the statute carves out a special definition for trade or business gross income, section 6501 provides us with no guidance as to the meaning of gross income. Therefore, we must look to the general definition of gross income to determine the proper treatment of non-business gross income under section 6501. Section 61 provides in pertinent part: SEC. 61. GROSS INCOME DEFINED. (a) General Definition.--Except as otherwise provided in this subtitle, gross income means all income from whatever source derived, including (but not limited to) the following items: * * * (3) Gains derived from dealings in property; * * * The regulations under section 61 further provide: Sec. 1.61-6 Gains derived from dealings in property. (a) In general. Gain realized on the sale or exchange of property is included in gross income, unless excluded by law. For this purpose property includes tangible items, such as a building, and intangible items, such as goodwill. Generally, the gain is the excess of the amount realized over the unrecovered cost or other basis for *497 the property sold or exchanged. * * * [emphasis supplied]. The statute and underlying regulations are clear in requiring that a gain on the sale of property be included in gross income. However, petitioners did not have a gain on the sale of the Property. Their transaction resulted, at best for petitioners, in a $4,250.00 capital loss which is properly a deductionfromgrossincome. Sections 62, 165 and 1211. [4]
Nowhere in the definition of gross income under section 61 is there authority to indicate that capital losses or the gross proceeds in a capital loss situation are to be included in the computation of gross income. *498 Provision for deduction of such losses is found in subsection 4 of section 62, entitled "Adjusted Gross Income Defined." We conclude by saying that "gross income" has a well established meaning in the revenue laws, denoting statutory gross income as defined by section 61. See Hurley v. Commissioner,22 T.C. 1256, 1264 (1954) affd. 233 F.2d 177 (6th Cir. 1956); Green v. Commissioner,7 T.C. 263, 276-277 (1946). Thus, in arriving at "gross income stated in the return" under section 6501(e), petitioners' computation is unaffected by capital losses sustained or gross proceeds derived from dealing in real property. [5]
Notwithstanding this obvious conclusion, petitioners argue strenuously on brief that section 6501(e)(1)(A)(i) provides a "gross *499 receipts" concept of gross income for determining "gross income stated in the return." For the following reasons, we must reject petitioners' argument. The predecessor of section 6501(e) was section 275(c) of the Internal Revenue Code of 1939. This section provided: (c) Omission From Gross Income.--If the taxpayer omits from gross income an amount properly includible therein which is in excess of 25 per centum of the amount of gross income stated in the return, the tax may be assessed, or a proceeding in court for the collection of such tax may be begun without assessment, at any time within 5 years after the return was filed. The regulations under section 22 of the 1939 Code (the predecessor to section 61), further provided: Sec. 29.22(a)-5, Regs. 111. Gross Income From Business.--In the case of a manufacturing, merchandising, or mining business, "gross income" means the total sales, less the cost of goods sold, plus any income from investments and from incidental or outside operations or sources. * * * In applying section 275(c), a conflict arose over what was meant by the term gross income when dealing with trade or business gross income. The courts *500 had to choose between using "gross receipts" or "gross profits". [6] Several circuits chose the former interpretation, Goodenow v. Commissioner,238 F.2d 20, 22 (8th Cir. 1956), revg. 25 T.C. 1 (1955); Uptegrove Lumber Co. v. Commissioner,204 F.2d 570, 572-573 (3d Cir. 1953), while other circuits and the Tax Court took the latter posture, Carew v. Commissioner,215 F.2d 58, 61-62 (6th Cir. 1954); Estate of Gibbs v. Commissioner,21 T.C. 443 (1954); Edenfield v. Commissioner,19 T.C. 13 (1952). *501 When adopting the 1954 Code, Congress cleared up the controversy by enacting section 6501(e)(1)(A)(i), which states: (i) In the case of a trade or business, the term 'gross income' means the total of the amounts received or accrued from the sale of goods or services (if such amounts are required to be shown on the return) prior to diminution by the cost of such sales or services * * *. [emphasis supplied] The legislative history indicates the following: Several changes from existing law have been made in subsection (e) of this section. * * * The term gross income as used in this paragraph has been redefined to mean the total receipts from the sale of goods or services prior to diminution by the cost of such sales or services. * * * H.R. Rept. No. 1337, 83rd Cong. 2nd Sess., pg. A414 (1954); See S. Rept. No. 1622, 83rd Cong., 2nd Sess., pg. 584 (1954). After examining the unambiguous language of the 1954 statute and the legislative history, we are convinced that Congress was simply changing for section 6501(e) purposes the definition of trade or business gross income from the generally accepted definition that "'gross income' means the total sales, less the cost of *502 the goods sold * * *." Section 1.61-3, Income Tax Regs.[7] Thus, it is only for the purpose of calculating trade or business gross income under section 6501(e) that the "gross receipts" method is utilized in determining gross income. Insulglass Corp. v. Commissioner,84 T.C. No. 16 (1985). More than 25 percent of the "gross income stated in the return" was omitted by petitioners in 1976. Reis v. Commissioner,1 T.C. 9 (1942), affd. 142 F.2d 900 (6th Cir. 1944); Stratton v.Commissioner,54 T.C. 255, 289 (1970); Courtney v. Commissioner,28 T.C. 658, 668 (1957). Therefore, the six-year statute of limitations applies in this case. Accordingly, petitioners' motion will be denied. An appropriate order will be issued.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended, unless otherwise noted. All Rule references are to the Tax Court Rules of Practice and Procedure unless otherwise noted.↩
2. This figure allegedly results from $184.42 in unreported interest income and $23,000 paid to petitioner Wallace Schneider by E. L. Management Corporation in 1976 as compensation for services rendered.↩
3. If we accept petitioners' argument we would add the $18,500 gross sales price to the $75,774.00, already agreed by the parties to have been stated in the return, 25 percent of the total of which is $23,568.50. Petitioners' omission of $23,184.42 would not then exceed 25 percent of the "gross income stated" and the six-year statute of limitations would not apply to this case, the result being that the assessment and collection of any tax for 1976 would be barred by the statute of limitations.↩
4. In so characterizing the transaction, we do not decide whether or to what extent the alleged loss is allowable as a deduction for 1976. The Notice of Deficiency disallowed the claimed deduction "because it has not been established that the claimed loss occurred, and (b) if a loss did occur, the amount and character of the loss." Further, the Notice stated that "you have failed to establish the adjusted basis of the property allegedly sold." We do not here decide the merits of any of these grounds for disallowing the claimed loss.↩
5. In determining whether there has been an "omission" from gross income under section 6501(e), capital gains rather than gross proceeds are taken into account. Burbage v. Commissioner,82 T.C. 546, 558 (1984). See Hyde v. Commissioner,64 T.C. 300, 305↩ (1975). Uniformity dictates that the same treatment be given "gross income stated in the return."
6. The cases following the interpretation that gross income stated in the return was meant to be gross profit (i.e., gross receipts minus cost of goods sold) were particularly harsh when the disallowance of certain business deductions would automatically bring the six-year statute of limitations into play. E.g. The Colony, Inc. v. Commissioner,26 T.C. 30, 48-49 (1956), affd. 244 F.2d 75 (6th Cir. 1957), rev'd. 357 U.S. 28↩ (1958) (where overstatement of cost of goods sold rather than the omission of gross receipts led to the application of the six-year statute of limitations).
7. The definition of trade or business gross income remained the same as under the 1939 Code. Cf. 111 Regulations 29.22(a)-5.↩