ELLEN LLOYD, Individually and as Executrix of
the Estate of Andrew Lloyd, Deceased, *v.*
DEPARTMENT OF REVENUE

Brian Steenson, Jones & Brown, Portland, Oregon,
represented plaintiff.

Donald C. Seymour, Assistant Attorney General,
Salem, Oregon, represented defendant.

Decision for plaintiff rendered November 17, 1970.

Loren D. Hicks, Judge pro tempore.

There is no dispute as to the facts of this case.
In November 1964, Andrew Lloyd, plaintiff's decedent,
and decedent's brother sold their interest in real property
in California for $100,000, which gave each of
them a net profit of $45,370.09. The attorney who prepared
the 1964 income tax returns for the two brothers
correctly entered the sale on the returns showing the
transaction as a long-term capital gain with the dates

of acquisition and sale, gross sale price, cost basis, and total gain. He correctly reported decedent's brother as having received only a partial payment of $12,500 and as electing to report the sale on the installment basis. Inadvertently, he also reported Andrew on the installment basis when, in fact, Andrew had received his full $50,000 in 1964. This error resulted in the omission from Andrew's tax computation of an amount of gross income equal to more than 25 percent of his reported gross income.

Andrew died in November 1965. During probate of the estate, the tax commission discovered the error of the 1964 joint return of Andrew and the plaintiff and assessed a deficiency. The assessment occurred more than three years, but less than five years, after the filing of the 1964 return.

The statute and regulation which control this case are ORS 314.410, subsections (1) and (2), and Reg 314.410 (2) which, at the time in question, provided:

ORS 314.410:

"(1) At any time within three years after the return was filed, the commission may give notice of proposed assessment as prescribed in ORS 314.405.

"(2) If the commission finds that gross income equal to 25 percent or more of the gross income' reported has been omitted from the taxpayer's return, notice of proposed assessment may be given at any time within five years after the return was filed."

Reg. 314.410 (2):

"* * * An item shall not be considered as omitted from gross income if information sufficient to apprise the commission of the nature and amount

of such item is disclosed in the return or in any schedule or statement attached to the return."

Also pertinent is § 6501(e) (1) (A) (ii) of the Internal Revenue Code of 1954:

"In determining the amount omitted from gross income, there shall not be taken into account any amount which is omitted from gross income stated in the return if such amount is disclosed in the return, or in a statement attached to the return, in a manner adequate to apprise the Secretary or his delegate of the nature and amount of such item."

The defendant agrees that if the three-year statute of limitations of subparagraph (1) of ORS 314.410 applies, the assessment is barred. It is defendant's position, however, that the department can proceed under the five-year statute of subparagraph (2). Plaintiff contends that the five-year statute does not apply because the tax return contained information sufficient to apprise the department of the nature and amount of the item as provided in Reg 314.410 (2). Defendant counters that the nature of the item was not disclosed on the tax return because there is nothing there to apprise the department that the sale was a cash sale rather than an installment sale.

The plaintiff relies on the United States Tax Court case of *Genevieve B. Walker*, 46 TC 630 (1966). The defendant relies on the later case of *Phinney v. Chambers*, 342 F2d 680, (5th Cir 1968), 21 AFTR2d 651, 68-1 USTC 86, 387, *cert den*, 391 US 935. Because there are no Oregon cases construing ORS 314.410 (2) and Reg 314.410 (2), federal cases construing § 6501 (e) (1) (A) (ii) of the Internal Revenue Code, which is the federal counterpart to the subject state statute and regulation, are pertinent. *Santiam Fish & Game Ass'n*

*v. Tax Com.*, 229 Or 506, 358 P2d 401 (1962); *Ruth Realty Co. v. Tax Commission*, 222 Or 290, 353 P2d 254 (1960).

In the *Walker* case, *supra,* Mrs. Walker reported on her 1957 federal tax return her one-half share of an initial installment payment on a partnership long-term capital gain. The partnership return for that year showed the sale to have netted a total capital gain of $770,910.27, with $200,324.22 taxable in 1957 from the payments realized that year. The returns did not reveal that as part of the purchase price the buyer in 1957 gave the partnership its note for $300,000 and also "loaned" the partnership $300,000 cash, taking a note therefor from the partners which was identical in terms and conditions to its own note to them. Upon discovery of these facts more than three years, but less than six years later, the commissioner determined the sale was not eligible for installment treatment because more than 30 percent was received the first year, and assessed a deficiency for 1957. In opposing the assessment, Mrs. Walker pleaded the three-year statute of limitations. The commissioner countered that the case was within the six-year statute because the amount omitted exceeded 25 percent of the stated gross income and because he had not been apprised by the returns of its nature and amount.

The Tax Court held that the sale was sufficiently disclosed inasmuch as the return showed the nature of the omitted item to be a long-term capital gain and the amount to be the difference between the installment gain and the full gain. The court held that it was not necessary for the return to show that the taxpayer's selection of the installment method of reporting was not proper, because § 6501 (e) (1) (A) (ii)

required only that the return give sufficient information to permit the computation of the proper amount of income from the sale on a completed basis rather than on an installment basis. The court felt that reporting a sale on the installment basis was sufficient notice to the commissioner that an error might be present.

The court in *Walker* stated:

"And in *Davis v. Hightower* (C.A. 5), 230 F. 2d 549, which also involved the application of section 275 (c) [the predecessor of § 6501 (e) (1) (A) (ii)] of the 1939 Code, it was held that where a taxpayer arrives at an incorrect computation of tax only by reason of a difference between him and the respondent as to the legal construction to be applied to a disclosed transaction, the difference between the correct and the incorrect item is not to be considered as an omission from gross income." (46 TC at 640.)

In *Davis v. Hightower*, 230 F2d 549 (5th Cir 1956), 49 AFTR 277, 56-1 USTC 54,729, mentioned in the quotation above, the taxpayer reported as taxable gain only 50 percent of the gain from sales of cotton on the theory that the sales were of capital assets. Later the government determined that the gains were taxable in their entirety. In its decision the court stated:

"The only way in which the taxpayer here could satisfy the government's requirement that he state his 'gross income' in a way to permit a tax computation of the amount the government claims is due, would be for him to abandon his claim that he was entitled to capital gains treatment of the sales in question. No such penalty was intended by Congress in extending the statutory period to five years in case of substantial omission. It cannot be thought that if a taxpayer accurately fills in

every blank space provided for his use in the income tax form, giving every 'gross' or maximum figure called for, and arrives at an incorrect computation of the tax only by reason of a difference between him and the Commissioner as to the legal construction to be applied to a disclosed transaction, the use of a smaller figure than that ultimately found to be correct in one stage of the computation amounts to an omission from 'gross income' of the difference between the correct and incorrect item." (49 AFTR at 553.)

In *Phinney v. Chambers, supra,* relied upon by the defendant, Mrs. Chambers and her husband in 1954 sold at a profit their community property stock in a realty company, receiving a cash down payment with the balance evidenced by the buyer's promissory note. On their 1954 income tax return, Mr. and Mrs. Chambers elected to report the sale on the installment method. In 1956, Mr. Chambers died and one-half of the balance due on the note became a part of his estate and one-half became the separate property of Mrs. Chambers. Final payment on the note was made in 1958. The executor of the estate of Mr. Chambers, a bank, filed a fiduciary tax return for 1958 reporting on Schedule D under "Long Term Capital Gains and Losses" an item headed "Installment Sale." Under this heading was a brief explanation of the sale of the stock, the amount received in 1958, the percent of profit and the gain for the year.

The bank also held Mrs. Chambers' one-half interest in the note, and on the same day that it made the estate 1958 tax return it also filed a fiduciary return for Mrs. Chambers. On this return there was no mention of an installment sale, and no explanation or computation of the amount received on the note,

percent of profit, or the 1958 gain to Mrs. Chambers of $318,904.79. Instead, under the heading "Sale of Stock," there was entered the following:

| Descr [iption] | Date | | Price | Basis | Gain or Loss |
|---|---|---|---|---|---|
| | Acquired | Sold | | | |
| High Point Realty Stock | 10-27-56 | 1958 (date of death) | $375,736.06 | $375,735.06 | -0- |

In her personal federal tax return for 1958 Mrs. Chambers made no reference whatever to the installment note or receipt of any payment or gain thereon. The bank and Mrs. Chambers had decided she owed no tax on her one-half of the 1958 note payments on the theory that at her husband's death she acquired a stepped-up basis for the promissory note equal to its remaining value.

This contention was settled adversely to Mrs. Chambers in 1962 by *Bath v. U.S.*, 211 F Supp 368 (SD Tex 1962), 11 AFTR2d 340, 63-1 USTC 87,208; aff'd 323 F2d 980 (5th Cir 1963), 12 AFTR2d 5807. Following the *Bath* decision, and before the expiration of six years, the commissioner assessed a deficiency against Mrs. Chambers for failing to pay a tax on her 1958 receipts on the installment note.

The commissioner contended there was no disclosure of information on this item of income. Mrs. Chambers, however, claimed that the inclusion of the gross amount on the bank's fiduciary return as a "sale of stock" acquired on the date of her husband's death, was sufficient information and disclosure under paragraph (ii) of § 6501 (e) (1) (A) to prevent the six-year statute from being applied.

In rejecting this contention, the court in *Chambers, supra,* stated:

"* * * We then turn to the conclusion that it would simply be a distortion of the meaning of ordinary words of common usage to hold that the reporting of this substantial income—the final payment on an installment sale as to which admittedly 84% was gain, and thus taxable during the calendar year—as a sale of stock that had been acquired by the fiduciary and sold at its basis in the hands of the fiduciary amounted to an adequate disclosure under the applicable statute. * * *" (21 AFTR2d at 655.)

The court's conclusion was based upon its finding that the return failed to show the amount to be taxed, that the return reported the income under an erroneous heading with an erroneous date of acquisition, that neither Mrs. Chambers nor the bank on her behalf acquired or held any such stock in 1956, as stated on the return, or at any time after the sale in 1954, and that there was no stock sold by the trustee on her behalf at any time. The court was of the opinion that Mrs. Chambers' return did not disclose what she was really claiming; that is, that she had received an amount of money in payment of an installment note which had acquired a stepped-up basis in her hands upon the death of her husband.

The language of the *Chambers* opinion may at first appear to support the defendant's position in the case at hand and to be contrary to *Walker*. However, at the conclusion of its decision in *Chambers* the U.S. Court of Appeals, without criticism, cited *Walker* as a source of discussion of the meaning of the crucial paragraph (ii) of § 6501 (e) (1) (A), and stated that the following language of the United States Supreme

Court in *Colony v. Commissioner*, 357 US 28, 36, 78 S Ct 1033, 2 L Ed2d 1119 (1958), should be controlling:

"'We think that in enacting Section 275 (c) [the 1939 Code provision, which is the predecessor of Section 6501 (e)(1)] Congress manifested no broader purpose than to give the commissioner an additional 2 years [subsequently increased to 3 years] to investigate tax returns in cases where, because of a taxpayer's omission to report some taxable item, the commissioner is at a special disadvantage in detecting errors.' * * *" (21 AFTR2d at 654.)

In the *Walker* decision, the Tax Court had quoted the same passage from *Colony* and had stated its decision was proper in view thereof.

Although the discussion in *Chambers* is in terms more favorable to taxing authorities, it is the opinion of this court that it is not in conflict with the earlier *Walker* case. *Chambers* did not change the rule. It was decided against the taxpayer on the fact that the information about the transaction was completely inadequate and erroneous, failing to reveal either the amount or the nature of the actual item. The situation was different in *Walker*. There the tax return showed (1) the nature of the item in question to be a long-term capital gain and (2) the amount to be the difference between the installment gain and the full gain. The court held that such a disclosure of nature and amount is sufficient to prevent the item being treated as an "omitted" item even though the return erroneously reports the sale on the installment basis instead of a cash basis.

The court in *Walker* discussed *Roschuni v. Commissioner*, 44 TC 80 (1965), which held that a full disclosure of the selling price, the adjusted basis and

the profit realized in a business information return was sufficient disclosure of the nature and amount of the item. In *Roschuni*, contrary to the case at hand, it could be determined on the face of the return that the taxpayer was not entitled to report on the installment method. On this factor in *Roschuni* the court in *Walker* stated:

> "* * * However, the decision in that case was not predicated upon such fact, but upon the fact that there was sufficient information disclosed in the return to permit the computation of the proper amount of gain on the completed basis. Here (in the partnership return) as in that case (in the return of an electing small business corporation) the 'explanation was adequate to apprise the respondent of the nature and amount of what the gain would be on the sale * * * on a *completed* basis rather than an *installment* basis.'" (46 TC at 639.)

In *Colony v. Commissioner, supra,* the United States Supreme Court pointed out that "omits" was the important word in the statute, and that the lawmakers could have chosen "reduces" or "understates" if that was more what they had in mind. The Supreme Court discussed the legislative history of § 275 (c) [the predecessor of § 6501 (e) (1) (A) (ii)] and pointed out that reports and debate on the bill in Congress indicated that its backers were attempting to extend the statute of limitations against those taxpayers who were so negligent as to completely overlook and leave out large items of income. The opinion emphasized that the purpose of the statute was to deal with errors of omission of items rather than errors of computation, fact, or law. See also *Benderoff v. U.S.*, 398 F2d 132 (8th Cir 1968), 22 AFTR2d 5222, 68-2 USTC 87,673.

In the case now before the court, the item of income in question was not omitted from the return, but rather a portion of the income from such item was omitted from the tax computation due to the attorney's erroneous entry of the sale on the installment basis. All of the essential facts were set forth. Nothing significant was omitted. No income item was forgotten or left out.

■ It is the decision of the court that the plaintiff's tax return for 1964 disclosed the nature and amount of the omitted gross income in an adequate manner to sufficiently apprise the defendant thereof under the terms of Reg 314.410 (2), and that the difference in dollars between the correct and the incorrect items of the return shall not be considered as omitted from gross income. Therefore, the deficiency assessed against plaintiff for the tax year 1964 is barred by the three-year statute of limitations of ORS 314.410 (1).

The defendant's order is reversed.